UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| H-D U.S.A., LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 21-CV-01041 |
| | ) Hon. Marvin E. Aspen |
| THE PARTNERSHIPS AND | ) |
| UNINCORPORATED ASSOCIATIONS | ) |
| IDENTIFIED ON SCHEDULE "A", | ) |
| | ) |
| Defendants. | ) |
| | ) |

**MEMORANDUM OPINION & ORDER**

MARVIN E. ASPEN, District Judge:

Plaintiff H-D U.S.A., LLC alleges that it is the owner of trademark rights related to the Harley-Davidson brand and names 198 defendants in this single case. (Complaint ("Compl.") (Dkt. No. 1) ¶ 4; Schedule A (Dkt. No. 2).) Plaintiff has three motions pending before us. (Dkt. Nos. 3, 11, 16.) Those motions are for leave to file under seal; for a temporary restraining order, temporary asset restraint, and expedited discovery; and for electronic service of process. (*Id.*) For the reasons set forth below, these motions are taken under advisement and Plaintiff is ordered to show cause, in writing, as to why the case should not be dismissed or severed for misjoinder by March 15, 2021. Alternatively, Plaintiff may file an amended complaint by then if it can cure the joinder issues raised herein.

**BACKGROUND**

As alleged by Plaintiff, it "is a world-famous manufacturer of motorcycles and a wide variety of other products and services, including apparel, jewelry, leather goods, and assorted accessories." (Compl. ¶ 5.) "Several of the HARLEY-DAVIDSON Trademarks are registered

with the United States Patent and Trademark Office, a non-exclusive list of which is included [in the Complaint]." (Compl. ¶ 12.) Plaintiff alleges that the defendants operate internet stores under aliases to sell counterfeit Harley-Davidson products to customers in the United States, including in Illinois. (Compl. ¶ 2.) Plaintiff "has not licensed or authorized Defendants to use any of the HARLEY-DAVIDSON Trademarks, and none of the Defendants are authorized retailers of genuine Harley-Davidson Products." (Compl. ¶ 29.) Plaintiff also alleged on information and belief that the defendants "are an interrelated group of counterfeiters working in active concert to knowingly and willfully manufacture, import, distribute, offer for sale, and sell Counterfeit Harley-Davidson Products in the same transaction, occurrence, or series of transactions or occurrences." (*Id.* ¶ 36.)

## ANALYSIS

We first *sua sponte*[1] address a threshold question of joinder. Plaintiff bears the burden of demonstrating that joinder is proper under Rule 20(a)(2). *See, e .g.*, *In re Veluchamy*, 879 F.3d 808, 819 n.4 (7th Cir. 2018) (applying Rule 19 mandatory-joinder requirement, stating: "we confirm that in this Circuit the party advocating for joinder generally has the initial burden to establish the absent person's interest"); *Turley v. Gaetz*, 625 F.3d 1005, 1011 (7th Cir. 2010) (explaining that the complaint in a prior case had been rejected because "the plaintiff had made no effort to show how his joinder of claims satisfied Rule 20"); *Estée Lauder*, 334 F.R.D. at 190 (holding that joinder was improper in a trademark infringement case with 79 defendants listed on

---

[1] "[I]t is appropriate for federal courts to raise improper joinder on their own, especially when the sheer number of defendants waves a joinder red flag and ups the chances that the plaintiff should be paying separate filing fees for separate cases." *Estée Lauder Cosmetics Ltd. v. Partnerships & Unincorporated Associations Identified on Schedule A*, 334 F.R.D. 182, 186 (N.D. Ill. 2020) (Chang, J.) (citing *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (noting that the district court should have questioned joinder on its own in a 24-defendant case)).

a "Schedule A."). "In assessing whether the requirements of Rule 20(a)(2) are met, courts must accept the factual allegations in a plaintiff's complaint as true." *Id.* (quoting *Desai v. ADT Sec. Servs., Inc.*, 2011 WL 2837435, at *3 (N.D. Ill. July 18, 2011)). But like the standard for evaluating a complaint under Rule 12(b)(6), courts are not required to accept conclusory or speculative statements that do not qualify as assertions of fact. *Arreola v. Godinez*, 546 F.3d 788, 797 (7th Cir. 2008) (explaining, for the purpose of certifying a class of plaintiffs, that "mere speculation" or "conclusory allegations" cannot support joinder); *see also Estée Lauder*, 334 F.R.D. at 185–86.

Under Rule 20(a)(2), defendants may be joined in a single action only if: (1) the claims against them are asserted "with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences," and (2) there must be a "question of law or fact common to all defendants." Fed. R. Civ. P. 20(a)(2)(A)-(B). To determine whether the rights asserted arise out of the same transaction or occurrence, courts should "consider the totality of the claims, including the nature of the claims, the legal basis for recovery, the law involved, and the respective factual backgrounds." *Estée Lauder*, 334 F.R.D. at 185 (quoting *Ross v. Bd. of Educ. of Twp. High Sch. Dist. 211*, 486 F.3d 279, 284 (7th Cir. 2007)).

Courts generally find that claims against different defendants arose out of the same transaction or occurrence only if there is a "logical relationship between the separate causes of action." *In re EMC Corp.*, 677 F.3d 1351, 1358 (Fed. Cir. 2012); *In re Price*, 42 F.3d 1068, 1073 (7th Cir. 1994) (discussing the "same transaction or occurrence" requirement in the context of Rule 13); *see also Estée Lauder*, 334 F.R.D. at 185. Claims have a logical relationship when there is a "substantial evidentiary overlap in the facts giving rise to the cause of action against each defendant." *Estée Lauder*, 334 F.R.D. at 185 (quoting *In re EMC Corp.*, 677 F.3d at 1358).

3

If a court finds that joinder does not comply with the Federal Rules of Civil Procedure, then the court may sever parties on its own or order the plaintiff to cure the deficiency. *See* Fed. R. Civ. P. 21; *UWM Student Ass'n v. Lovell*, 888 F.3d 854, 863 (7th Cir. 2018). The Seventh Circuit has recognized the broad discretion that district courts have in remedying misjoinder, so long as the court's decision avoids unnecessary harm to the parties. *Chavez v. Ill. State Police*, 251 F.3d 612, 632 (7th Cir. 2001); *Elmore v. Henderson*, 227 F.3d 1009, 1011–12 (7th Cir. 2000) (because a "suit dismissed without prejudice is treated for statute of limitations purposes as if it had never been filed," and because the statute of limitations had already run, the district judge erred in dismissing a misjoined plaintiff instead of severing them); *Watford v. LaFond*, 725 Fed. App'x 412, 413 (7th Cir. 2018) (affirming dismissal of plaintiff's suit with prejudice when plaintiff repeatedly refused to comply with order to cure Rule 20 and other deficiencies).

Courts within this District have held that it is not enough for a plaintiff to simply allege that multiple defendants have infringed the same patent or trademark to meet Rule 20's requirements. *See, e.g.*, *Estée Lauder*, 334 F.R.D. at 187; *Slep-Tone Entm't Corp. v. Roberto*, 2013 WL 5748896, at *2-3 (N.D. Ill. Oct. 22, 2013); *ThermaPure, Inc. v. Temp-Air, Inc.*, 2010 WL 5419090, at *4 (N.D. Ill. Dec. 22, 2010); *Spread Spectrum Screening, LLC v. Eastman Kodak Co.*, 2010 WL 3516106, at *2 (N.D. Ill. Sept. 1, 2010); *SB Designs v. Reebok Int'l, Ltd.*, 305 F. Supp. 2d 888, 892 (N.D. Ill. 2004). This is because one defendant's alleged infringement does not necessarily "arise out of the same transaction, occurrence, or series of transactions of occurrences" as another defendant's unrelated infringement. Fed. R. Civ. P. 20(a)(2)(A). When defendants are not connected to one another, there is no evidentiary overlap in proving what one defendant did and what another did. Or, when viewed from the defense perspective, there is

4

nothing that one defendant could advance in defending a case that would be dependent on an unrelated codefendant.

Plaintiff's only allegation in support of joinder is brought merely on information and belief: that the defendants "are an interrelated group of counterfeiters working in active concert to knowingly and willfully manufacture, import, distribute, offer for sale, and sell Counterfeit Harley-Davidson Products in the same transaction, occurrence, or series of transactions or occurrences." (*Id.* ¶ 36.) But that alone is not a factual averment. Rather, it is a conclusory statement supported by only another conclusory statement that the defendants have "notable common features, such as use of the same registration patterns, accepted payment methods, check-out methods, keywords, illegitimate search engine optimization (SEO), advertising tactics, similarities in price and quantities, the same incorrect grammar and misspellings, and/or the use of the same text and images," (Compl. ¶ 33.) and "[o]n information and belief" communicate with one another in chat rooms. (*Id.* ¶ 34.) But Plaintiffs make no factual showing whatsoever supporting these conclusory allegations.

Our examination of the pleaded facts leads us to conclude that there is not enough alleged similarity among the defendants. First, not all the defendants used and sold the same trademarked images. Indeed, the Complaint's table that lists the trademarked images is about 18 pages in length. Moreover, some of the images and descriptions, even if like one another, are such that no inference of a connection between those defendants can be drawn merely because the 198 defendants use similar trademarked images. *See Estée Lauder*, 334 F.R.D. at 188 (citing *In re EMC Corp.*, 677 F.3d at 1359 and *Rudd v. Lux Products Corp.*, 2011 WL 148052, at *3 (N.D. Ill. Jan. 12, 2011) ("Simply alleging that Defendants manufacture or sell similar products does not support joinder under Rule 20.")). In sum, Plaintiff does not allege any nonconclusory

5

facts to form a basis for a conclusion that the defendants' conduct overlaps enough to warrant joinder.

Nor would allowing joinder promote judicial economy. Combining hundreds of unrelated defendants in one case creates a burden on courts since courts must evaluate the evidence submitted in support of liability and, eventually, apportion damages among the parties. "That is especially true in the *ex parte* setting of a temporary restraining order, as well as for default-judgment motions. It is much more of a burden to satisfy that duty when there are dozens or hundreds of online retailers named in one case." *Estée Lauder*, 334 F.R.D. at 189-90 (citing *Purzel Video GMBH v. Does 1-91*, Case No. 4:12-cv-02292, 2013 WL 4775919, at *2 (E.D. Mo. Sept. 6, 2013) ("Rule 20(a)'s purpose of promoting judicial economy and trial convenience would not be served by allowing the number of defendants in this case because the ensuing discovery and variety of defenses could prove unwieldy for a single case")). The *Purzel* Court, for example, severed the case and dismissed "all but one Doe Defendant to avoid causing prejudice and unfairness to Defendants" in the interest of justice. *Purzel*, 2013 WL 4775919, at *2.

Additionally, the growing trend of combining hundreds of alleged trademark infringers under one case caption yields an enormous financial benefit to plaintiffs at the Court's expense, meaning the tax payers ultimately miss out. *Patent Holder Identified in Exhibit 1 v. Does 1-254*, No. 21-cv-514, 2021 WL 410661, at *1 (N.D. Ill. Feb. 6, 2021) ("It has become commonplace in this district for holders of trademark and trade dress rights to file suits naming dozens or even hundreds of claimed infringers and counterfeiters, alleging that they are selling knock-off products via the Internet."). By suing nearly 198 defendants in a single suit rather than 198 separate ones, the plaintiff will save around $80,000 in filing fees. *See* Northern District of

Illinois' Fee Schedule ("Civil Filing Fee $ 402.00"); *see also Does 1-254*, 2021 WL 410661 at *3 ("by suing 254 defendants in a single suit rather than 254 separate ones, the plaintiff will save, in one fell swoop, over $100,000 in filing fees.").

## CONCLUSION

For the reasons described above, Plaintiff's motions for leave to file under seal; for a temporary restraining order, temporary asset restraint, and expedited discovery; and for electronic service of process are taken under advisement. (Dkt. Nos. 3, 11, 16.) Plaintiff is ordered to show cause, in writing, as to why the case should not be dismissed or severed for misjoinder by March 15, 2021. Alternatively, Plaintiff may file an amended complaint by then if it can cure the joinder issues raised herein. It is so ordered.

_____
Marvin E. Aspen
United States District Judge

Dated: March 1, 2021